UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

OTELLA MORALES-BUELVAS

VERSUS

WARDEN, RICHWOOD
CORRECTIONAL CENTER, ET AL.

CASE NO.  3:26-CV-00572

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE PEREZ-MONTES

RULING

Before the Court is Petitioner's Emergency Motion for Immediate Relief [ECF No. 8].

Petitioner claims that Respondents unlawfully executed her removal to Colombia based on an

Immigration Judge's order of voluntary departure that materially misstates the record. For the

reasons that follow, Petitioner's motion is DENIED.

I.
BACKGROUND

Petitioner is a citizen of Columbia.[1] She entered the United States on or about March 30,

2024, and was subsequently arrested by Border Patrol and placed into removal proceedings.[2] On

March 13, 2026, the Immigration Judge ("IJ") conducted a hearing on the Department of

Homeland Security's motion to pretermit Petitioner's applications for relief.[3] After granting the

motion to pretermit, the IJ discussed voluntary departure with Petitioner, stating that "I can order

a removal . . . I can grant the preterm and I can order voluntary departure. And you can, you can

reserve appeal."[4] He continued, "I mean, that's something that you can do at a later time, whether

---

[1] ECF No. 1 at 3.
[2] *Id.* at 5.
[3] ECF No. 8-2 at 12-22.
[4] *Id.* at 15.

1

you want to appeal my decision on voluntary departure or not."[5] Later in the hearing the IJ asked Petitioner, "Do you accept the order as final? Or would you like to reserve the right to file an appeal of that decision on the record?"[6] Petitioner responded, "I want you to reserve my right."[7]

Following the hearing, the IJ issued an order granting voluntary departure on or before April 13, 2026.[8] The order states that Petitioner had applied solely for voluntary departure and had waived appeal.[9] On March 25, 2026, the Department of Homeland Security removed Petitioner to Colombia.[10] Petitioner appealed the decision to the Board of Immigration Appeals ("BIA") on April 11, 2026.[11]

## II.
### LAW AND ANALYSIS

Petitioner claims that Respondents unlawfully executed Petitioner's removal order in violation of an automatic stay and due process. She argues that no valid waiver of appeal occurred and that the automatic stay of removal under 8 C.F.R. § 1003.6(a) remained in effect upon the filing of Petitioner's appeal. Respondents, on the other hand, argue that when Petitioner agreed to voluntarily depart, she automatically waived her right to an appeal of that order. Respondents also argue that, even if Petitioner did not knowingly and voluntarily waive her right to appeal, the Court lacks jurisdiction to review Petitioner's claim.

The voluntary departure procedure allows an alien to knowingly waive his or her right to a hearing in exchange for the ability to depart voluntarily instead of under a deportation order.[12]

---

[5] *Id.*
[6] *Id.* at 21.
[7] *Id.*
[8] ECF No. 8-2 at 24-28.
[9] *Id.*
[10] *Id.* at 35-37.
[11] ECF No. 8-3 at 2.
[12] *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 553 (9th Cir. 1990) (citations omitted).

"Although due process rights may be waived . . . such a waiver must be made knowingly and voluntarily."[13] An alien must know that they are waiving their right to a removal hearing and the right to appeal.[14]

Based on the transcript of the hearing held on March 13, 2026, there is evidence that Petitioner may not have knowingly and voluntarily waived her right to appeal when she agreed to voluntarily depart. According to the hearing transcript, the IJ suggested that Petitioner could reserve her right to appeal even though she agreed to voluntary departure. The IJ expressly asked whether Petitioner wished to reserve her right to appeal and Petitioner responded affirmatively. While the government is correct that an election to voluntarily depart generally waives the right to appeal, the IJ's statements in the hearing transcript are contradictory. As a result, it is questionable whether Petitioner "knowingly and [voluntarily] waived [her] right to appeal."[15] Nevertheless, Petitioner is not entitled to the emergency interim relief she seeks as far as her appeal waiver claim. Petitioner currently has an appeal pending before the BIA and has a lawyer in the United States who is actively litigating her appeal. There is no evidence in the record that Petitioner is precluded from raising her appellate waiver argument with the BIA[16] and, if that appeal is unsuccessful, she may file a petition for review with the circuit court of appeals.[17]

With respect to Petitioner's request that Petitioner be returned to the United States, the Court denies this relief at this stage. The hearing transcript contains an extensive discussion addressing Petitioner's options as far as voluntary departure and Petitioner appears to have been

_____

[13] *Nose v. Att'y Gen. of U.S.*, 993 F.2d 75, 79 (5th Cir. 1993) (citations omitted).
[14] *Id.* at 78–79; *Palacios-Yanez v. Holder*, 480 F. App'x 474, 477 (10th Cir. 2012); *Banjoko v. Bondi*, No. 2:26-CV-00016-MIS-JMR, 2026 WL 752445, at *3 (D.N.M. Mar. 17, 2026), report and recommendation adopted sub nom.
[15] *Kohwarien v. Holder,* 635 F.3d 174, 179 (5th Cir.2011).
[16] *See* 8 U.S.C. § 1252(a); *Banjoko*, 2026 WL 752445, at *3-4.
[17] *See* 8 U.S.C. § 1252(b)(2).

represented by counsel during that hearing. Petitioner has not shown that her return to the United States is required to pursue her appeal. Again, Petitioner currently has an appeal pending before the BIA and has a lawyer in the United States who is actively litigating her claim.

## IV.
### CONCLUSION

For the reasons set forth above, Petitioner's Emergency Motion for Immediate Relief [ECF No. 8] is DENIED.

THUS DONE in Chambers on this 8 day of May, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

4